UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

WILMINGTON DIVISION

**FILED**

APR 0 2 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

MICHAEL PETER KOPCHICK JR.,

Plaintiff,

v.          Civil Action No. 7:26-cv-173-M

TOWN OF HOLLY RIDGE, NORTH CAROLINA;

OFFICER BRANDON LEE TWOMEY, individually and in his official capacity;

OFFICER BROWN, individually and in his official capacity;

STEPHANIE CHRISTINE KOPCHICK,

Defendants.

COMPLAINT AND JURY DEMAND

---

## I. NATURE OF THE ACTION

1. This is a civil rights action under 42 U.S.C. § 1983 to redress violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This action arises from a warrantless entry into Plaintiff's home by law enforcement officers and the facilitation of a private party's removal of Plaintiff's property without legal authority or process.

3. Defendants acted under color of state law and deprived Plaintiff of clearly established constitutional rights.

---

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

5. This Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in Holly Ridge, North Carolina.

## III. PARTIES

7. Plaintiff Michael Peter Kopchick Jr. is a resident of North Carolina and, at all relevant times, the sole lawful tenant and occupant of 348 Dwight Street, Holly Ridge, North Carolina.

8. Defendant Town of Holly Ridge is a municipal entity responsible for the policies, customs, training, supervision, and discipline of its police department.

9. Defendant Officer Brandon Lee Twomey was, at all relevant times, a law enforcement officer acting under color of state law.

10. Defendant Officer Brown was, at all relevant times, a law enforcement officer acting under color of state law.

11. Defendant Stephanie Christine Kopchick is a private individual who acted jointly with state actors in the conduct described herein.

## IV. FACTUAL ALLEGATIONS

### A. Exclusive Possessory Rights

12. Plaintiff was the sole lawful tenant and occupant of the residence.

13. Plaintiff's lease listed only Plaintiff as tenant and was in effect prior to the incident.

14. Defendant Stephanie Kopchick was not on the lease and had no lawful possessory interest in the residence.

15. Prior to the incident, Defendant Stephanie Kopchick relocated out of state and identified a Connecticut residence in court-related filings effective September 1, 2025.

## B. Pre-Arranged Police Involvement

16. On or about September 26–27, 2025, Defendant Stephanie Kopchick contacted law enforcement seeking assistance to enter Plaintiff's residence and retrieve property.

17. Dispatch information indicated Plaintiff was not present at the residence.

18. Defendants Twomey and Brown responded to the residence under the label of a "civil standby."

## C. Absence of Legal Authority

19. At no time did Defendants possess a warrant, court order, writ of possession, or other legal authority permitting entry into Plaintiff's residence.

20. Plaintiff did not consent to entry.

21. No exigent circumstances existed.

## D. Coerced Disclosure of Access Code

22. Defendants, acting under color of law, requested that a neighboring individual provide a private access code to Plaintiff's residence.

23. The neighbor initially refused.

24. Due to police presence and authority, and fear of consequences, the neighbor provided the code.

25. The code would not have been disclosed absent police involvement.

## E. Warrantless Entry

26. Using the access code obtained through police authority, Defendants entered Plaintiff's residence.

27. Defendant Twomey entered the home and remained inside.

28. Defendant Brown remained present and aware of the entry and subsequent conduct.

29. The entry and presence of officers are captured on video recorded by Plaintiff's Ring camera system.

## F. Facilitation of Property Seizure

30. While officers were present inside and outside the residence, Defendant Stephanie Kopchick removed property from the home.

31. Defendant Twomey remained present and did not intervene.

32. Defendant Twomey made statements to the effect of:

    "It's y'all's house… take whatever you want."

33. Officers failed to verify ownership or possessory rights.

34. Officers failed to require documentation, court orders, or proof of legal entitlement.

35. Defendants failed to contact Plaintiff despite knowing he was absent. Defendants acted under color of state law and used their authority to coerce a neighbor to disclose the access code to plaintiffs residence, which enabled access that would not otherwise have occurred.

## G. Resulting Loss

36. As a direct result of Defendants' actions, Plaintiff's property was taken, including cash, precious metals, and other valuables.

37. The value of the property taken exceeds $33,128.24.

## H. Notice and Ratification

38. Plaintiff reported the incident to the Holly Ridge Police Department.

39. A supervisory officer reviewed the conduct and stated the officers "did nothing wrong."

40. This statement constituted official approval and ratification of the conduct.

41. Plaintiff submitted a formal Internal Affairs complaint detailing the violations.

42. Plaintiff submitted preservation demands and public records requests for body camera footage, reports, and communications.

43. The Town failed to produce key evidence, including body camera footage.

44. The Town failed to investigate, discipline, or retrain the involved officers.

45. The Town's actions demonstrate deliberate indifference to constitutional rights.

## V. CLEARLY ESTABLISHED LAW

46. It is clearly established that law enforcement may not enter a home without a warrant, consent, or exigent circumstances.

47. It is clearly established that officers may not use their authority to assist a private party in entering a residence or removing property without legal process.

48. It is clearly established that a "civil standby" does not authorize officers to take sides, facilitate entry, or permit property seizure.

49. Any reasonable officer would have known that the conduct described herein was unlawful.

## VI. CLAIMS FOR RELIEF

### COUNT I

### 42 U.S.C. § 1983 – Fourth Amendment

### (Unreasonable Search and Seizure)

50. Defendants Twomey and Brown entered Plaintiff's home without lawful authority.

51. Defendants used their authority to obtain access and facilitate entry.

52. Defendants allowed and facilitated the seizure of Plaintiff's property.

53. These actions constitute an unreasonable search and seizure.

### COUNT II

### 42 U.S.C. § 1983 – Fourteenth Amendment

### (Due Process)

54. Plaintiff had a protected property interest.

55. Defendants deprived Plaintiff of that property without lawful process.

### COUNT III

### Failure to Intervene

56. Defendants observed unlawful conduct and had a duty to intervene.

57. Defendants failed to act.

## COUNT IV

### Municipal Liability (Monell)

58. The Town maintained policies, customs, or practices permitting unconstitutional entry and property seizure during civil standbys.

59. The Town failed to adequately train and supervise officers regarding:

   (a) warrant requirements;

   (b) limits of civil standbys;

   (c) protection of possessory rights in domestic disputes.

60. The need for such training is obvious given the constitutional protections of the home.

61. The Town had actual notice of the unconstitutional conduct through Plaintiff's complaint.

62. A supervisory official affirmatively approved the conduct.

63. The Town failed to investigate, discipline, or retrain.

64. These failures constitute deliberate indifference and ratification.

65. These policies and failures were the moving force behind Plaintiff's injuries. The unconstitutional conduct described herein was not an isolated incident but reflects a pattern, custom, or failure to adequately train officers regarding constitutional limits during civil standbys.

## COUNT V

### Trespass (State Law)

66. Defendants entered Plaintiff's residence without authorization.

---

## COUNT VI

### Conversion (State Law)

67. Defendants caused the wrongful taking and retention of Plaintiff's property.

---

## COUNT VII

### Civil Conspiracy

68. Defendants acted jointly and in concert to accomplish unlawful entry and property removal.

---

## VII. DAMAGES

69. Plaintiff suffered:

- Loss of property

- Loss of use

- Financial hardship

- Emotional distress

- Violation of constitutional rights

70. Plaintiff seeks:

- Compensatory damages (no less than $33,128.24)

- Punitive damages against individual defendants

- Costs of litigation

- Attorney's fees under 42 U.S.C. § 1988

- Any additional relief deemed just and proper

---

## VIII. JURY DEMAND

71. Plaintiff demands trial by jury.

---

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants.

---

Respectfully submitted,

Michael Peter Kopchick Jr.

348 Dwight St.

Holly Ridge, NC 28445

(910) 264-1676

creativecontractingnc@gmail.com

Pro Se Plaintiff